IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SUN COMMODITIES, INC. d/b/a SUN INTERNATIONAL PRODUCE CO., and d/b/a GLOBAL MARITIME SUPPLY,<br><br>    Plaintiff,<br>vs.<br><br>ISLAND FRESH DE PUERTO RICO, INC., and JORGE MAYENDIA VALDES,<br><br>    Defendants.<br>_____/ | Civ. Case No.<br><br><br><br><br><br>Re:   PACA<br>        7 U.S.C. §499, et seq. |

## COMPLAINT

Plaintiff SUN COMMODITIES, INC. d/b/a SUN INTERNATIONAL PRODUCE CO., and d/b/a GLOBAL MARITIME SUPPLY ("SUN") hereby sues Defendants ISLAND FRESH DE PUERTO RICO, INC. ("ISLAND FRESH"), and JORGE MAYENDIA VALDES, and alleges as follows:

### JURISDICTION AND VENUE

1. This action seeks to enforce SUN's rights pursuant to the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. §499(a) - §499(s), as amended in 1984, 7 U.S.C. §499e(c) (referred to herein as the "PACA").

2. Jurisdiction over the Defendants is based upon Section 5(c) of the PACA, as amended, 7 U.S.C. §499e(c)(5) and 28 U.S.C. §1331, and 28 U.S.C. §1332.

3. Venue in this District is based on 28 U.S.C. §1391, in that the Defendants are located in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

1

## THE PARTIES

4.  Plaintiff SUN is a Florida corporation whose principal place of business is at 2230 SW 2nd St., Pompano Beach, FL 33069-3121.  SUN is engaged in the business of buying and selling wholesale quantities of fresh fruits and vegetables in interstate commerce, and was at all pertinent times a "Dealer," "Broker," and/or "Commission Merchant" as those terms are defined under the PACA, and was licensed under the PACA by the U.S.D.A., license #19981717.

5.  Defendant ISLAND FRESH is a Puerto Rican corporation whose principal place of business is at Calle 3, Lote 10 – 13, URB Industrial Corujo, Bayamon, Puerto Rico, and the company was at all material times a "Dealer" as those terms are defined under the PACA.

6.  Defendant JORGE MAYENDIA VALDES is a Puerto Rican resident who, according to the Puerto Rican Secretary of State records, is the President, Secretary, and Treasurer of ISLAND FRESH, and he is the owner of ISLAND FRESH.  Based upon information and belief, at all material times he had control of the finances of ISLAND FRESH.

## GENERAL ALLEGATIONS

7.  SUN sold and delivered the perishable agricultural commodities to ISLAND FRESH that are identified on its statements and invoices attached hereto at **Exhibit "A",** and ISLAND FRESH accepted the produce.  The statements reflect that the total amount of $1,265,463.25 is due:

| Exhibit | SUN's Division: | ISLAND'S Account #: | | Ship | Total Due |
|---|---|---|---|---|---|
| A-1 | SUN INTERNATIONAL | 1850 | Direct | | $873,810.32 |
| A-2 | SUN INTERNATIONAL | 1851 | Warehouse | | $314,497.13 |
| A-3 | GLOBAL MARITIME | 81401 | Direct | Celebrity Summit | $591.00 |
| A-4 | GLOBAL MARITIME | 81401 | Warehouse | Celebrity Summit | $11,137.22 |
| A-5 | GLOBAL MARITIME | 81404 | Direct | Freedom of the Seas | $810.00 |
| A-6 | GLOBAL MARITIME | 81404 | Warehouse | Freedom of the Seas | $54,356.77 |
| A-7 | GLOBAL MARITIME | 81405 | Warehouse | Azamara Journey | $143,38 |
| A-8 | GLOBAL MARITIME | 81406 | Warehouse | Vision of the Seas | $10,117.43 |
| | Grand Total | | | | **$1,265,463.25** |

2

8. Within four days of delivery of the produce described in an invoice to ISLAND FRESH, SUN delivered the invoice to ISLAND FRESH, and each invoice included the statutory notice of intent to preserve PACA Trust Benefits, specifically:

> "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

9. The vast majority of the subject perishable agricultural commodities were grown outside of Puerto Rico, and SUN had purchased a substantial amount of the produce from businesses outside Puerto Rico.

10. Pursuant to the trust provisions of the PACA, at the time of receipt of said commodities, a statutory trust was established in favor of SUN as to all commodities received by Defendant ISLAND FRESH from the sale of such commodities until full payment is made for said commodities by Defendant ISLAND FRESH in the amount of **$1,265,463.25**, plus interest.

11. Defendant ISLAND FRESH sold the subject Produce, and received consideration therefore, and such consideration has become part of the PACA Trust Assets.

12. Defendant ISLAND FRESH failed and refused to make full payment promptly for the commodities, despite repeated demand.

13. SUN'S is owed at least **$1,265,463.25** for the subject Produce.

14. All conditions precedent to this action have occurred, or alternatively have been waived or excused.

15. SUN has retained the undersigned attorney, and agreed to pay attorney's fees, and is entitled to recover the attorney's fees pursuant to the terms of its below identified invoices and all other applicable law. SUN will not receive full payment as required by subsection 5(c) of

PACA, 7 U.S.C. §499e(c), if SUN must expend part of said payment in attorney's fees, costs, and loss of interest due to Defendants violation of a statutory duty to maintain the trust and make full payment promptly and to defeat the inferior claims of the Defendants.

## COUNT I

### Injunctive Relief to Compel Turnover and Disgorgement of PACA Trust Assets

(Against all Defendants)

16. Plaintiff realleges paragraphs 1 through 15 above.

17. This action is brought pursuant to the PACA, 7 U.S.C. §499e(c) (the "PACA"), and the regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 CRF Part 46 (1987) ("PACA Regulations"). 7 U.S.C. §499e(c) provides in pertinent part as follow:

> "(2)  Perishable agricultural commodities received by a commission merchant, dealer or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities of products, *shall be held by such commission merchant, dealer or broker **in trust** for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until such payment of sums owing in connection with such transactions has been received by such unpaid suppliers, seller or agents . . .* ;
>
> (3)  . . . When the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed on invoices, accountings, and other documents relating to the transaction.
>
> (4)  In addition to the method of preserving the benefits of the trust specified in paragraph (3), *a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve the trust.* The bill or invoice statement must include the information required by the last sentence of paragraph (3) and contain on the face of the statement the following: *"The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural*

4

*Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.".*

*(5)   The several District Courts of the United States are vested with jurisdiction specifically to entertain (I) actions by trust beneficiaries to enforce payment from the trust . . . ."* [Emphasis supplied].

18.   Defendant ISLAND FRESH violated its PACA Trust obligations to SUN by failing to preserve the PACA Trust Assets, and failing to apply those PACA Trust Assets to pay the PACA Trust obligation owing to SUN.

19.   Defendant ISLAND FRESH's continuing failure to maintain the PACA Trust will result in irreparable harm to SUN, since there is a great risk the trust funds will be paid to other creditors, third parties, or otherwise dissipated by the Defendants.  Irreparable harm to SUN and resultant instability of produce companies is precisely what Congress sought to avoid by enacting the PACA.

20.   At all material times JORGE MAYENDIA VALDES has been in control of ISLAND FRESH's PACA Trust Assets, and has failed to apply those PACA Trust Assets to pay the PACA Trust obligations owed to SUN and other PACA trust beneficiaries.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

a.   Granting a temporary, preliminary, and permanent injunction enjoining ISLAND FRESH, its agents, officers, directors, subsidiaries, assigns, including JORGE MAYENDIA VALDES, from dissipating, paying, transferring, assigning or selling any and all assets of ISLAND FRESH which are subject to the trust provisions of the PACA, including, without limitation, (1) produce, (2) receivables derived from the sale or other disposition of produce, (3) money derived from the transfer of produce, and (4) all assets that have been purchased, improved, or maintained by the use of monies derived from the sale or other disposition of

5

perishable agricultural commodities, until further order of this Court or until written agreement signed by Plaintiff's counsel.

      b.      Granting a temporary, preliminary, and permanent injunction freezing ISLAND FRESH and JORGE MAYENDIA VALDES' bank accounts and other assets.

      c.      Requiring ISLAND FRESH and JORGE MAYENDIA VALDES to immediately deliver a complete accounting of ISLAND FRESH, INC.'s financial condition to Plaintiff's attorney, which shall include the production of financial documents created after November 1, 2019, including, without limitation, (1) detailed and summary accounts receivables, (2) detailed and summary accounts payable, (3) a general ledger, (4) bank statements and related checks, (5) check registers, and (6) credit card statements.

      d.      Compelling Defendants to turnover the PACA trust assets to the PACA trust beneficiaries.

      e.      Appointing a trustees or receiver to marshal the PACA trust assets, liquidate them, and deposit the proceeds from the liquidation of ISLAND FRESH's PACA trust assets into a the PACA Trust Account, and then turnover the PACA trust assets to the PACA trust beneficiaries.

      f.      Awarding pre- and post-judgment interest.

      g.      Awarding the Plaintiff court costs and attorneys' fees; and

      h.      Granting such other relief as this Court deems just and proper.

## COUNT II

### Appointment of Receiver (or Trustee)

(Against ISLAND FRESH)

21.      SUN realleges paragraphs 1 through 20 above.

22. An imminent danger exists that trust property will be further diminished by the Defendants.

23. Normal legal remedies may be inadequate because once trust assets have been dissipated there is little or no chance the assets will be recovered.

24. Although SUN is entitled to injunctive relief, said remedy is inadequate by itself as Defendants have already shown a propensity to disregard their statutory duties.

25. Appointment of a Receiver will most likely cause more good than harm because a Receiver appointed for the benefit of PACA Trust creditors will have an interest in maximizing the assets of the Defendant while preserving the PACA Trust.

WHEREFORE, SUN respectfully requests that this Court enter orders and a judgment against ISLAND FRESH as follows:

a. Appointing a Receiver (or Trustee) to take charge of the PACA trust assets, including, without limitation:

1. collect ISLAND FRESH's accounts receivables.

2. intake the mail for ISLAND FRESH, and the mail shall be forwarded to the Receiver's address.

3. have access to ISLAND FRESH's premises and computers, and books and records;

4. have the Receiver's name alone be placed on ISLAND FRESH's bank accounts and/or have the Receiver open a new bank account in the Receiver's name; and

5. such other powers and duties as the Court deems appropriate.

b. Ordering that the Receiver's (or Trustee's) fees and costs be reimbursed by ISLAND FRESH.

c. Awarding the Plaintiff court costs and attorneys' fees.

d.	Granting such other relief as this Court deems just and proper.

## COUNT III

### Failure to Pay PACA Trust Funds
### Pursuant to 7 USC §499e(c)

(Against all Defendants)

26.	Plaintiff realleges paragraphs 1 through 20 above.

27.	Defendant JORGE MAYENDIA VALDES, due to his ownership interest and/or position with ISLAND FRESH, did, or reasonably should have, controlled the PACA Trust funds so as to make sure the PACA Trust funds were available for the PACA Trust beneficiaries, including SUN.

28.	Defendants' failure to preserve the statutory PACA Trust has resulted in damages to SUN in the amount of at least **$1,265,463.25.**

WHEREFORE, SUN respectfully requests that this Court enter judgment against all Defendants for compensatory damages, pre-judgment interest, attorney's fees, court costs, and such other relief as the Court deems just and proper.

## COUNT IV

### Failure to Pay for Agricultural Products
### in Violation of 7 USC '499b

(Against ISLAND FRESH)

29.	SUN realleges paragraphs 1 through 15 above.

30.	The PACA at §499b is entitled "Unfair conduct," and provides in pertinent part as follows:

> It shall be unlawful in or in connection with any transaction in interstate or foreign commerce:

8

    (4) **For any commission merchant, dealer, or broker** to make, for a fraudulent purpose, any false or misleading statement in connection with any transaction involving any perishable agricultural commodity which is received in interstate or foreign commerce by such commission merchant, or bought or sold, or contracted to be bought, sold, or consigned, in such commerce by such dealer, or the purchase or sale of which in such commerce is negotiated by such broker; or **to fail or refuse** truly and correctly to account and **make full payment promptly** in respect of any transaction in any such commodity to the person with whom such transaction is had; or **to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction** . . . ."

31. ISLAND FRESH has failed to pay funds owed to SUN, and has thereby violated 7 U.S.C. §499b.

32. ISLAND FRESH's failure to pay the funds has resulted in damages to SUN in the amount of at least **$1,265,463.25.**

WHEREFORE, SUN demands that judgment be entered against ISLAND FRESH for compensatory damages, court costs, attorney's fees, pre-judgment interest, and such other relief as the Court deems just and equitable.

**COUNT V**
**Declaratory Relief**

(Against all Defendants)

33. Plaintiff realleges paragraphs 1 through 20 above.

34. This is an action for declaratory judgment within the meaning of 28 U.S.C. §2201 for the purpose of determining the rights, duties, entitlement, status and other legal relations between the parties regarding ISLAND FRESH's inventory, accounts, and proceeds therefrom, under and pursuant to the PACA.

35. A dispute and actual controversy has arisen between Plaintiff and the Defendants regarding their relative rights to and ownership of monies received or to be received by the

Defendants as proceeds, either directly or indirectly, from SUN'S sale of perishable agricultural commodities to Defendant ISLAND FRESH, and Plaintiff is in doubt as to its rights, necessitating a judicial declaration as to the parties respective rights, duties, and entitlements in and to said proceeds.

36. Since SUN has established a qualified PACA claim, it is entitled to a judicial declaration that the Defendants have breached their PACA trust obligations to SUN, and of the amount it is owed from the PACA Trust Funds.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

a. Declare that Plaintiff SUN has a valid, perfected PACA Trust claim against Defendants in the sum of **$1,265,463.25,** and that the Defendants have failed to preserve the PACA Trust Assets, and declare which assets are PACA trust assets.

b. Award the Plaintiff court costs and attorneys' fees.

c. Grant such other relief as this Court deems just and proper.

## COUNT VI

### Open Account

(Against ISLAND FRESH)

37. Plaintiff realleges paragraphs 1 through 20 above.

38. SUN sold perishable agricultural commodities to Defendant ISLAND FRESH in the amount of **$1,265,463.25**.

39. The Defendants failure to pay SUN for the produce sold has resulted in damages to SUN in the amount of **$1,265,463.25**.

WHEREFORE, SUN respectfully requests that this Court enter judgment as follows:

    a.    Award Plaintiff compensatory damages against Defendant ISLAND FRESH in the amount of at least **$1,265,463.25**.

    b.    Award the Plaintiff pre-judgment interest;

    c.    Award Plaintiff court costs and attorneys' fees.

    d.    Grant such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Date: May 21, 2020

                           ORLANDO FERNANDEZ LAW OFFICES, P.S.C.
                           #27 Calle González Giusti Ste. 300
                           Guaynabo, P.R. 00968-3076
                           Tel. (787) 294-5698/Fax 759-6768
                           ofernandez@gflawpr.com
                           Attorney for Plaintiff SUN

                           By:    s/ Orlando Fernandez, Esq.
                                   Orlando Fernandez, Esq.
                                   P.R. Fed. Bar #126912


Proposed Pro Hac Vice Counsel:
Robert E. Goldman, Esq. (FB#740799)
Robert@goldmanlaw.com
LAW OFFICE OF ROBERT E. GOLDMAN
1 East Broward Blvd., Ste. 700
Fort Lauderdale, FL  33301
Tel: (954) 745-7450
Fax: (954) 745-7460
Attorney for Plaintiff SUN