**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Civ. Case No. 3:20-cv-01236 (WGY)

SUN COMMODITIES, INC. d/b/a SUN
INTERNATIONAL PRODUCE CO., and
d/b/a GLOBAL MARITIME SUPPLY,

  Plaintiff,

vs.

ISLAND FRESH DE PUERTO RICO, INC.,  Re: PACA
JORGE MAYENDIA VALDES, and     7 U.S.C. §499, et seq.
JC BROKERAGE, INC.,

  Defendants.
_____/

**MOTION TO COMPEL JC BROKERAGE TO SERVE AMENDED/SUPPLEMENTAL RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS**

  Plaintiff SUN COMMODITIES, INC. ("SUN"), hereby files its Motion to Compel Defendant JC BROKERAGE, INC. ("JCB") to Serve Amended/Supplemental Responses to Interrogatories and Document Requests, and in support thereof states:

  1.  On August 14, 2020, SUN served its First Set of Interrogatories on JCB, and its First Request for Documents, copies of which are attached hereto as Exhibits "A" and "B," respectively.

  2.  On September 14, 2020, JCB served its response to the above requests, a copy of which is attached hereto at Exhibit "C."

  3.  Interrogatory #2 and the response are:

  2.  Please identify the amount of money that JCB owes to Island Fresh as of August 14, 2020, and describe in detail how you arrived at that amount.

1

>Answer: I can't answer this question specifically because of the frozen accounts JB Brokerage does not have access to his [sic] own documents because **the information systems provider has closed the server** because of lack of payment." [Emphasis added].

JCB essentially gives the same answer to avoid answering interrogatories 5 and 7, and to avoid producing *any* documents in response to requests 1 – 25.

4. Most likely, JCB's unnamed information service provider (aka "IT person") did disable the computers and server in its office; thus, it can access its information and documents.

5. Interrogatory 2 and the response are as follows:

>3. Please describe in detail each "deliberate action" that is the subject of JCB's allegation at paragraph "16" in its Counterclaim.

>Answer: . . . Those are a few of the many other deliberate actions plaintiff has taken against JC Brokerage.

JCB should be required to identify *all* the "deliberate actions" that it sues upon in its Counterclaim so that SUN can investigate them through the discovery process.

6. Interrogatory 4 and the response are as follows:

>4. Please state each item of damage that you claim, whether as an affirmative claim or as a setoff, and include in your answer: the count or defense to which the item of damages relates; the category into which each item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories, the factual basis for each item of damages; **and an explanation of how you computed each item of damages, including any mathematical formula used.** [Emphasis supplied].

>Answer: Because of all of plaintiffs deliberate actions, lies and by illegally froze JC Brokerage's assets, the entity has started to received PACA claims and other supplier that it has not been able to pay. The company's credit is affected and the company has not been able to pay expenses including cars, information systems which has caused that the servers of the company are blocked, among other things. The owner of the property that the company operates is threatening eviction. Because of all of plaintiff's action, the reputation of JC Brokerage has been gravely affected.

The response does not provide any numbers.

7.  Interrogatory 7 and the response are as follows:

7.  Please identify the name, address, and telephone number of each person/business to whom a check made payable to JC Brokerage was given to to cash since June 30, 2020, <u>and</u> identify the maker of each and every such check, the date of the check, and the amount of the check.

<u>Answer</u>.  I do not understand question. However, because of the frozen accounts, I do not have access to them in order to answer any question regarding them.

This interrogatory is intended to discover where JCB has cashed its checks—perhaps at a new bank or with a check casher—and it asks for information about those checks. At a minimum, JCB would know *where* it has cashed checks since June 30, 2020.

WHEREFORE, it is respectfully requested that this Motion be GRANTED, and that the Court:

a.  order JCB to serve full and complete amended answers, under oath, to SUN's interrogatories 2 5, and 7;

b.  order JCB to serve amended responses, under oath, to SUN's document requests 1 – 25 which indicate whether or not responsive documents exist in its possession, custody or control, and serve responsive documents, except for documents that are in good faith believed to be protected from disclosure by the attorney-client and work-product privileges, and as to those JCB shall serve a proper privilege log that identifies the date of the document, the sender, the recipient, and the general subject matter of the document;

c.  order JCB to serve a declaration or affidavit which describes in detail what effort has been made to locate responsive documents, and if there are any impediments to producing responsive documents, then what those impediments are, and what has been done to attempt to overcome them, and what needs to be done to further attempt to overcome them;

    d.      award monetary sanctions in favor of SUN related to this Motion;

    e.      grant such other relief as the Court deems just and proper.

## **MEMORANDUM OF LAW**

Rule 37(a), Fed.R.Civ.P., provides that a party may move to compel another party to respond to interrogatories and document requests, and may recover sanctions unless the responding party's objections and non-disclosures were substantially justified. Here, the above recitation of the facts supports the granting of this Motion.

### **Certificate of Good Faith Effort to Resolve**

I, Robert E. Goldman, HEREBY CERTIFY that I made a good faith effort to resolve the matters raised in this Motion. On November 5, 2020, I conferred with counsel for JCB by phone regarding the answers to interrogatories and responses to the document requests. When I asked if JCB would continue to claim that the "information service provider has closed the server," he said that he believed so. When I asked him to inform us what the information service provider would require to allow access to the documents, he said he would get back to me, but he never did.

                                s/Robert E. Goldman, Esq.
                                Robert E. Goldman (FB#740799)
                                Robert@goldmanlaw.com
                                LAW OFFICE OF ROBERT E. GOLDMAN
                                1 East Broward Blvd., Ste. 700
                                Fort Lauderdale, FL  33301
                                Tel: (954) 745-7450
                                Fax: (954) 745-7460
                                Admitted Pro Hac Vice
                                *Co-Counsel for Plaintiff SUN*

                                and

s/Orlando Fernandez
Orlando Fernandez, Esq.
P.R. Fed. Bar #126912
ORLANDO FERNANDEZ LAW OFFICES, P.S.C.
#27 Calle González Giusti Ste. 300
Guaynabo, P.R. 00968-3076
Tel. (787) 294-5698/Fax 759-6768
ofernandez@oflawoffice.com
*Co-Counsel for Plaintiff SUN*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing Motion via the CM/ECF system on the below persons on December 3, 2020:

| | |
|---|---|
| Miguel J. Ortega-Nunez, Esq. <br> mortega@cnr.law <br> Cancio, Nadal & Rivera, L.L.C. <br> 403 Munoz Rivera Avenue <br> San Juan, P.R. 00918-3345 <br> Tel: (787) 767-9625 <br> *Attorney for ISLAND FRESH and JORGE MAYENDIA* | Raul E. Bandas-Del-Pilar, Esq. <br> rbandas@bandaslaw.com <br> MB-66 Paseo del Viento <br> Parque del Monte <br> Trujillo Alto, PR 00976 <br> 787-242-9695 <br> *Attorney for ISLAND FRESH and JORGE MAYENDIA* |
| Gabriel A. Peñagarícano, Esq. <br> gpenagaricano@me.com <br> PO Box 364966 <br> San Juan, Puerto Rico 00936-4966 <br> *Attorney for ISLAND FRESH and JORGE MAYENDIA* | Jorge L. Marchand Heredia, Esq <br> jorgeluismarchand@gmail.com <br> LAW OFFICE <br> PO BOX 364273 <br> SAN JUAN, PR 00936-4273 <br> *Attorney for JC BROKERAGE* |

By:     s/ Orlando Fernandez
           Orlando Fernandez

5