```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| Sun Commodities, Inc., Plaintiff and Counter Defendant, v. Island Fresh de Puerto Rico, Inc. et al, Defendant, Counter-Claimants, and Third-Party Plaintiffs. | Civil. No. 20-cv-1236(GMM) RE: PACA, 7 U.S.C. §§499, et seq. |

**MEMORANDUM AND ORDER**

After a careful review of the record in this matter, the Court concludes that JC Brokerage, Inc. ("JCB") has shown good cause as to why the Court should not enter default against it in these proceedings. Nevertheless, JCB's violation of the Court's order at Docket No. 207 and noncooperation with Plaintiff Sun Commodities, Inc. ("Sun" or "Plaintiff") during the discovery process merits the imposition of sanctions. For the following reasons, as to the *Motion to Show Cause* at Docket No. 462, the Court declines to enter default against JCB; **GRANTS** the alternative sanction requested by Sun at Docket No. 292; and **DENIES** JCB's request to reconsider this Court's Order at Docket No. 448.

### I. PROCEDURAL BACKGROUND

On September 11, 2020, Sun, for the first time, filed a *Motion to Compel the Depositions of the Defendants and for Sanctions*

Civil No. 20-1236(GMM)
Page -2-

("Motion to Compel") against JCB, Island Fresh de Puerto Rico, Inc. ("Island Fresh") and Jorge Mayendía ("Mayendía") (collectively "Defendants") stating that "Plaintiff served a Notice of Deposition. . .which set the depositions of ISLAND FRESH and JCB for 10:00 a.m. Today. . ." (Docket No. 133 at 1). Defendants did not attend their deposition and at 9:52 a.m. on September 11 sent an e-mail stating "Plaintiff has in effect highjacked the discovery process through bad faith and abusive means. Plaintiff gives defendants no other option but to halt all discovery process until we have an opportunity to confer under Rule 26." (Docket Nos. 133 at 2; 133-2).

On September 14, 2020, JCB filed a *Reply to Plaintiff's Motion to Compel* stating that Plaintiff's request should be denied since the Parties had not met to confer in good faith as is required under Rule 26. (Docket No. 136). On December 14, 2020, the Court denied Sun's Motion to Compel as moot.

On December 3, 2020, Sun filed its *Amended Motion to Compel JC Brokerage to Serve Amended/Supplemental Responses to Interrogatories and Document Requests* ("Amended Motion to Compel"). (Docket No. 191). Therein, Plaintiff stated that JCB provided inadequate answers to interrogatories 2, 5, and 7; failed to provide requested documents 1-25; and requested that the Court award it monetary sanctions for JCB's misconduct. (Id.). The Court

granted the Amended Motion to Compel on December 18, 2020. It stated that:

> "Upon pain of default, JC Brokerage shall, within fourteen days of the date hereof provide complete answers to interrogatories 2 and 7, and all documents responsive to requests 1-21 inclusive. Should such documents not be produced, the defendants are barred from advancing any claim of any sort which relies in any way upon such documents. To that extent the motion of Sun Commodities to compel (ECF No. 191) is ALLOWED." (Emphasis in the original).

(Docket No. 207).

On January 22, 2021, Plaintiff filed an *Emergency Motion to Compel Island Fresh to Provide an Accounting of the Paca Trust Assets Collected Since June 5, 2020 and Third Motion to Compel it to Appear for its Deposition* ("Emergency Motion"). (Docket No. 223). Sun, in the Emergency Motion, requested that the Court compel Island Fresh and Mayendía to appear for their depositions. (Id. at 2). The Emergency Motion did not seek to compel JCB to appear at its deposition. The Court granted the Emergency Motion on February 3, 2021, stating "Upon pain of default Island Fresh and [Mayendía] shall appear for the taking of their depositions within 10 days following the date of this order." (Docket No. 232).

On February 10, 2021, Plaintiff served a *Notice of Deposition of JCB, ISLAND FRESH, and JORGE MAYENDIA*, setting the depositions of JCB, Island Fresh, and Mayendía for February 12, 2021. (Docket No. 247 at 3). The following day, JCB e-mailed Plaintiff's Counsel informing that JCB would not appear for its deposition given that

it "never agreed for a deposition of JC Brokerage. You impose that date unilaterally on JCB in your Notice of Deposition. The court['s] [order] in Docket no. 232 refers to Island Fresh and Mayendía. . .In tomorrow's deposition questions regarding JCB matters will not be answered since it will not appear in the deposition and nobody is authorized to speak in its behalf." (Docket No. 247-8). Sun deposed Island Fresh and Mayendía on February 12, 2021, but Plaintiff was disallowed from asking questions regarding JCB. (Docket No. 247 at 3).

On February 15, 2021, Sun filed a *Motion to Compel Deposition of JC Brokerage, and for Sanctions* ("Third Motion to Compel"). (Docket No. 247). Therein, Plaintiff stressed that there had been a long-standing agreement between the Parties that JCB's and Island Fresh's depositions would be taken jointly since Mayendía would be serving as the representative for both entities. (Docket No. 247-6). Despite this alleged agreement, JCB declined to be deposed at the deposition of Island Fresh and Mayendía. (Docket No. 247 at 3). On September 30, 2022, the Court denied as moot Sun's Third Motion to Compel. (Docket No. 247).

On April 1, 2021, Sun filed a *Motion for Terminating Sanctions Against JC Brokerage Due to its Violation Of The Court's "Upon Pain Of Default" Order* ("Motion for Miscellaneous Relief"). (Docket No. 292). Therein, Plaintiff stated that JCB continued to

violate the Court's order that it provide "all documents responsive to requests 1-21" at Docket No. 207 by declining to provide Plaintiffs with document requests 5, 6, 20, and 21. (Id. at 2). Sun thus requested that the Court to:

    a.    strike JCB's Answer and Affirmative Defenses to SUN's First Amended Complaint [D.E. 111], and enter a default judgment against it for the amount requested in the First Amended Complaint of $1,265,463.25;

    b.    strike JCB's Counterclaim [D.E. 111] and enter judgment in favor of SUN upon same;

    c.    alternatively, preclude JCB from entering into evidence documents and testimony pertaining to the amount of its alleged damages;

    d.    award such other relief as the Court deems just and proper.

(Id. at 9). On July 14, 2021, the Court granted the Motion for Miscellaneous Relief stating, "Motion allowed save that the Court will hold a hearing to assess the damages." (Docket No. 352). No damages hearing was ever held or requested by the Parties.

On August 11, 2021, JCB filed a *Motion for Reconsideration and Request of a Hearing* ("Motion for Reconsideration") regarding the Court's order at Docket No. 352. (Docket No. 353). The Court denied JCB's Motion for Reconsideration on September 8, 2021. (Docket No. 354).

On February 2, 2024, JCB filed its *Motion for Leave to Re-File Motion for Summary Judgment*. (Docket No. 445). The Court, on

February 6, 2024, denied JCB's Motion to Re-File and ordered it to "show cause as to why the Court should not enter default against it" in accord with the Court's order at Docket No. 352. (Docket No. 448). JCB entered a *Motion to Show Cause* on February 22, 2024, and Sun filed its *Opposition to Motion to Show Cause* on March 4, 2024. (Docket Nos. 462; 463).

## II. ANALYSIS

"Default is strong medicine and should be prescribed only in egregious cases." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 35 (1st Cir. 2012). Naturally, "the entry of a default judgment. . .is a 'drastic' sanction. . .that runs contrary to the goals of resolving cases on the merits and avoiding 'harsh or unfair results.'" Remexcel Managerial Consultants, Inc. v. Arlequin, 583 F.3d 45, 51 (1st Cir. 2009) (internal citations omitted). Default "should be employed only in an extreme situation, and to protect diligent parties from clearly unresponsive adversaries." Universitas Educ., LLC v. Granderson, Civil No. 23-1675, 2024 WL 1614961, at *14 (1st Cir. Apr. 15, 2024) (internal citations and quotations omitted). The procedural history of this case does not present such an extreme situation. Moreover, the record reflects that prior to the order entered at Docket No. 352,

the Court had not imposed other sanctions.[1] As such, and in light of the *Motion to Show Cause* filed at Docket No. 462, the Court declines to enter JCB's default so it may "resolve the instant case on the merits; to do otherwise, would constitute a harsh or unfair result." Collazo-Rosado v. U. of Puerto Rico, Civil No. 10-1113, 2011 WL 13136493, at *2 (D.P.R. May 16, 2011). The instant matter is at the summary judgment state and very near the trial stage, and this Court will honor the "strong public policy favoring disposition of claims on the merits." Santos-Berrios v. Joglar-Pesquera, No. 14-cv-1145, 2016 WL 483203, at *1 (D.P.R. Feb. 5, 2016) (first *citing* Effjohn Int'l Cruise Holdings, Inc. V. A&L Sales Inc., 346 F.3d 552, 563 (5th Cir. 2003); and then *citing* Coon, 867 F.2d at 75; *see also* Indigo Am., Inc., at 6 (preference is given to "resolving disputes on the merits…").

The Court, however, does not condone JCB's noncompliance with the order at Docket No. 207 and evident noncooperation with Plaintiffs throughout the discovery process and the litigation of this case. "[I]t is axiomatic that parties must act in good faith during discovery." Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 92 (1st Cir. 2012). Moreover, misconduct meriting sanctions includes "disobedience of court orders [which are]. .

---

[1] Under the law of the case doctrine it is not improper for a court to depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice. Arizona v. California, 460 U.S. 605, 618, n. 8 (1982).

.inimical to the orderly administration of justice. . ." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003); see also Hooper-Haas, 690 F.3d at 37 ("[a] party who flouts a court order does so at its own peril."). Thus, "failure to comply with the court's order, when seen against the background of a record of non-cooperation in the discovery process, [i]s sufficient to authorize the court to impose a sanction. . ." Affanato v. Merrill Bros., 547 F.2d 138, 141 (1st Cir. 1977).

Here, JCB failed to comply with the Court's order at Docket No. 207 that:

> [u]pon pain of default, JC Brokerage shall, within fourteen days of the date hereof provide complete answers to interrogatories 2 and 7, and all documents responsive to requests 1-21 inclusive. Should such documents not be produced, the defendants are barred from advancing any claim of any sort which relies in any way upon such documents.

(Docket No. 207). Despite the Court's warning that noncompliance would subject JCB to harsh sanctions, JCB nevertheless declined to provide Plaintiffs with document requests 5, 6, 20, and 21. (Docket No. 292 at 2). The record further demonstrates that Plaintiffs filed at least four (4) motions with the Court reporting that JCB was repeatedly uncooperative during discovery. (Docket Nos. 133; 191; 247; 292). Ultimately, JCB's noncompliance with a Court order, compounded with a record of noncooperation with Plaintiffs during the discovery process of these proceedings, justifies the imposition of a sanction. See Santiago-Diaz v. Laboratorio Clinico

Y De Referencia Del Este And Sara Lopez, M.D., 456 F.3d 272, 277 (1st Cir. 2006) (Finding that a district court's imposition of sanctions was appropriate when "[t]he record is replete with instances in which the plaintiff refused to work cooperatively with the defendants in creating an efficient discovery process.").

The Court has discretion to impose a variety of sanctions for both discovery violations and for failure to comply with court orders. Fernandez-Salicrup v. Figueroa-Sancha, 790 F.3d 312, 320-21 (1st Cir. 2015) (internal citation omitted) ("In the ordinary course of civil litigation, the choice of sanctions for failing to comply with a court order lies with the district court"); *see also* Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012) ("A district court has wide discretion in choosing sanctions for discovery violations"). In the present circumstances, the Court finds the alternative relief requested in Sun's Motion for Miscellaneous Relief at Docket No. 292 that JCB be precluded "from entering into evidence documents and testimony pertaining to the amount of its alleged damages" is an appropriate sanction.

Finally, the Court again denies JCB's request to refile its Motion for Leave to Re-File Motion for Summary Judgment.

### III. CONCLUSION

For the above stated reasons, the Court declines to enter default against JCB, **GRANTS** the alternative sanction requested by

**Civil No. 20-1236(GMM)**
**Page -10-**

Sun at Docket No. 292; and **DENIES** JCB's request to reconsider this Court's Order at Docket No. 448 which denied JCB's Motion to Refile.

IT IS SO ORDERED.

In San Juan, Puerto Rico, May 21, 2024.

s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE
